WILLIAM A. SHEDDEN, PROSECUTOR, v. VERNON D. HAG-
MANN, RECORDER OF THE TOWNSHIP OF FRANKLIN,
SOMERSET COUNTY, NEW JERSEY, DEFENDANT.

Argued January 20, 1942—Decided March 7, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Strong & Strong (John V. R. Strong,*
of counsel).

For the defendant, *John Macko (Edward Sachar,* of
counsel).

The opinion of the court was delivered by

PORTER, J.  The prosecutor was convicted of violating an
ordinance of the Township of Franklin (hereinafter called
Franklin) which prohibits the keeping or harboring of any
dog without first obtaining a license so to do.  The legality
of that conviction is before us for review.

The facts are not in dispute.  Within the boundaries of
Franklin is located the Town of East Millstone (hereinafter
called East Millstone) which was incorporated by act of
the legislature in 1873.  *Pamph. L.* 1873, *p.* 221.  Prosecutor
did live in that town and did keep dogs for which he had
no license.  The second section of the act creating East Mill-
stone provided for the annual election of a board of commis-
sioners for the purpose of carrying out the objects and pur-

poses of the act. Under section five of the act their duties are defined and are restricted to the management and control of public streets, sidewalks, roads and public commons and of fire apparatus for the suppression of fires. Section six of the act provides that the commissioners shall not have power to levy any tax or assessment upon the owners of real estate except for the construction and repair of sidewalks, that taxes upon real estate and for roads and their improvements, &c., shall be assessed by Franklin and that any road tax within East Millstone shall be paid over to its town treasurer by the collector of Franklin. The voters of East Millstone vote for the officials of Franklin as well as for the election of town commissioners.

The legislature may incorporate a municipality within a municipality for special and limited purposes as was done here. *Pancoast* v. *Troth,* 34 *N. J. L.* 377 (at *pp.* 386 and 387) (reversed but on other grounds); *Auryansen* v. *Hackensack Improvement Commission,* 45 *Id.* 113. But compare *Midland* v. *Maywood,* 80 *Id.* 76; *Township of Bernards* v. *Allen,* 61 *Id.* 228; *Van Cleve* v. *Passaic Valley Sewerage Commissioners,* 71 *Id.* 574.

However, East Millstone assumed and exercised much wider powers than those given it under the act creating it. It has its own school system. It has adopted ordinances generally regulating the conduct of the people to secure the peace and good order of the town and for the licensing and regulation of the vending of meat, fish, fruit, vegetables, patent medicines and other articles. Its various ordinances provide penalties for their violation and confer jurisdiction to hear and determine complaints thereunder upon any justice of the peace residing in the Town of East Millstone. It has its own police department. It also acted as a municipal entity in 1934 when it held a referendum vote on the question of whether or not the retail sale of intoxicating beverages should be permitted in the town, under the authority of *Pamph. L.* 1933, *ch.* 436, § 41.

The Home Rule Act, *Pamph. L.* 1917, *ch.* 152, *art.* 1, *p.* 319, brings the town within its provisions by defining a municipality or municipal corporation as including any town

governed by a board of commissioners. This statute was in effect a revision of all existing laws conferring powers on municipalities. *Simon* v. *O'Toole,* 108 *N. J. L.* 32 (at *p.* 42); *affirmed,* 108 *Id.* 549; *Crisci* v. *Board of Commissioners of Raritan,* 119 *Id.* 103. Under Article XIV, page 352 of the Home Rule Act, *supra,* wide powers are given municipalities for the enforcement of ordinances for their well being. Among the general powers mentioned is included that of regulating or prohibiting the running of dogs at large.

The Board of Commissioners of East Millstone passed a resolution on February 3d, 1941, which reads as follows: ·

"Be it resolved that Joseph Sanfrantello, the Franklin Township Dog Warden, be herewith appointed Dog Warden for the Town of East Millstone for the year 1941, and is hereby authorized to enforce the Franklin Township Ordinance in the Town of East Millstone."

Obviously the purpose of this resolution was to enforce an ordinance relating to dogs of Franklin in the Town of East Millstone. It was entirely ineffective to accomplish that purpose. The Town of East Millstone as we have seen had the authority to enact its own ordinances. It could not make or enforce an ordinance of another municipality by passing a resolution so to do. That resolution was in no sense an ordinance. To enact an ordinance it must do so by introducing and reading it at a meeting of the board of commissioners and passing it at a later meeting held at least one week later and meanwhile publishing it in a newspaper at least two days before final passage as provided in the Home Rule Act, *supra,* Article X, page 345.

As has been said the prosecutor was convicted of violating an·ordinance of Franklin which provided for the licensing of dogs within that Township. We conclude that it had no jurisdiction over such an offense committed in East Millstone and that the conviction was illegal. East Millstone is governed by its own board of commissioners under its own ordinances which it has power to enact as has been shown. The ordinance in question of Franklin are not operative in East Millstone.

The judgment of conviction will be set aside.